## MIDLAND DISCOUNT CO. v. WHITE et.

Common Pleas Court, Hamilton County.

No. A-131036. Decided August 19, 1952.

**550**

Peterson, Calhoun & McPherson, Robert R. Lavercombe, Cincinnati, for appellant.

Ragland, Dixon & Murphy, James W. Farrell, Jr., Cincinnati, for appellees.

## OPINION

By BELL, J.

This cause is in this court upon appeal on questions of law from a judgment entered in the Municipal Court of the city of Cincinnati, Ohio.

The cause was tried upon the pleadings and an agreed stipulation of facts as follows:

"(1) That defendants, Elmer White and Marguerite White, executed the note, a copy of which is attached to the Bill of Particulars, and that said note was secured by a chattel mortgage on a 1950 Ford truck owned by the defendants. The Midland Discount Company is the holder in due course of said note.

"(2) That on March 3, 1951, defendants were in default in the payment of said note and said mortgage became absolute, and plaintiff sent its agents to a home located on Rural Route 1, Ripley, Ohio, for the purpose of repossessing said truck from the defendants who then represented to the agents of the plaintiff that the defendants resided in said home.

"(3) That on March 17, 1951, plaintiff sold said truck in accordance with the provisions of said mortgage without first foreclosing on said mortgage in a Court of record, and credited the proceeds of said sale on said note.

"(4) That prior to ten (10) days before said sale, plaintiff sent a notice of said sale, by registered mail, to defendants, at 106 Wentworth Street, Cincinnati, Ohio, which was defendant's address at the time said mortgage was executed, and which was the address shown on said mortgage. Said notice included the time, place and minimum price for which the mortgaged property would be sold, together with a statement that the mortgagors would be held liable for any deficiency resulting from said sale.

"(5) That said notice never reached the defendants, due to a mistake made by the postal authorities in forwarding the same.

"(6) That at the time said notice was sent, plaintiff, through

its agents had been notified as aforesaid by the defendants that the defendants no longer lived at the Wentworth Street address in Cincinnati, Ohio, but had moved to a home on Rural Route 1, Ripley, Ohio.

"(7) That the credits shown on the copy of the note attached to the Bill of Particulars are correct.

"(8) This stipulation includes all the facts in this case."

Upon these facts that court entered judgment in favor of defendants.

The only error assigned is that the court erred in construing §8565-3 GC as to preclude plaintiff from obtaining a deficiency judgment.

The conclusion of law reached by the court reads as follows:

"When a mortgagee whose agents have been informed by a mortgagor(s) that such mortgagor(s) no longer resides at the address shown in the mortgage, repossesses and sells the chattel under the terms of the mortgage before foreclosure in a court of record, said mortgagee has not complied with the provisions of §8565-3 GC, if the notice required therein is sent to the address shown in the mortgage rather than to a new address given by the mortgagor(s), and the mortgagee is thereby precluded from obtaining a deficiency judgment."

Hence it is clear that this cause turns upon the proper construction of §8565-3 GC. That section reads as follows:

"Deficiency judgment prohibited; when; exception. Any chattel mortgagee, his executors, administrators, successors or assigns who takes goods, chattels or property, covered by such chattel mortgage out of the possession of the mortgagor, his executors, administrators, successors or assigns by seizure, or repossession, and sells or otherwise disposes of the same before foreclosure of such mortgage in a court of record, shall be conclusively precluded from pursuing or collecting any deficiency upon such mortgage or the obligation secured thereby, from such mortgagor, his executors, administrators, successors or assigns; any stipulation in such mortgage, or agreement, or provision of law, to the contrary notwithstanding; provided, however, this section shall not apply if the mortgagee, his executors, administrators, successors or assigns, shall give at least ten days written notice to the mortgagor, his executors, administrators, successors or assigns, personally, or by mailing it by registered mail, to him, at the address of the mortgagor given in the mortgage, of the time, place and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. The mortgagor, his executors, administrators, successors or as-

signs, may redeem the property prior to the time stated in the notice for its sale or disposition, by paying the mortgagee, his executors, administrators, successors or assigns, the amount due and unpaid on the obligation secured by the mortgage. Any person may appear at the time and place of sale mentioned in such notice and bid at such sale. At the time and place mentioned in such notice the mortgaged property shall be sold to the highest bidder if his bid equals or exceeds the minimum price set forth in the written notice given the mortgagor."

In the instant case the mortgagors had moved to an address other than the one stated in the mortgage and the mortgagee knew that fact. The court below concluded that the mortgagee was bound to give notice to the mortgagors' new address and having failed so to do the mortgagee could not recover a deficiency judgment.

It should be noted the statute provides that the mortgagee shall give notice to the mortgagor **personally** or to the address **given in the mortgage.** The legislature made no provision for a situation where the mortgagor moved even though the fact is known to the mortgagee. It is clear to me that where the mortgagee sends a notice to the address given in the mortgage that is a compliance with the statute.

In the opinion of this court, the trial court erred in the conclusion reached. It follows that the judgment below should be and hereby is reversed and final judgment is entered in favor of appellant.