ECONOMY SAVINGS & LOAN CO., APPELLEE, *v.* WEIR ET AL., APPELLANTS.

532

(No. 1074—Decided November 8, 1957.)

*Mr. Robert O. Stout,* for appellee.
*Messrs. Fetter & Baker,* for appellants.

Guernsey, J. The only question involved in this case is whether an accommodation maker of a note secured by a chattel mortgage executed solely by the party accommodated is entitled to the same protection given to such mortgagor by the provisions of Section 1319.07 of the Revised Code.

Section 1319.07, so far as herein pertinent, reads as follows:

"Any chattel mortgagee * * * who takes goods * * * covered by the chattel mortgage out of the possession of the mortgagor, his executors, administrators, successors, or assigns by seizure * * * and sells or otherwise disposes of the same before foreclosure of such mortgage in a court of record, shall not pursue or collect any deficiency upon such mortgage or the obligation secured thereby, from such mortgagor, his executors, administrators, successors, or assigns * * *. This section does not apply if the mortgagee * * * gives at least ten days' written

notice to the mortgagor, his executors, administrators, successors, or assigns, personally, or by mailing it to him by registered mail, at the address of the mortgagor given in the mortgage, of the time, place, and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. * * *''

This statute is specific in its terms in prohibiting the collection of a deficiency from ''such mortgagor, his executors, administrators, successors, or assigns.'' An accommodation maker who is not a party to the mortgage does not come within any one of these specified persons or classes. In our opinion the maxim of *inclusio unius est exclusio alterius* is applicable and such accommodation maker is not specifically entitled to the benefits and protection of the statute.

However, it occurs to this court that as to parties other than those accommodated the rights and liabilities of an accommodation party are, in general, the same as those of a party receiving valuable consideration for his signature. 8 American Jurisprudence, Bills and Notes, 208, Section 456. Does the discharge by operation of law of the accommodated party from the obligation of paying a deficiency as provided by Section 1319.07, Revised Code, *supra*, likewise discharge the accommodation maker from paying such deficiency? It is stated as a general rule at common law that the release of one codebtor releases the other codebtors. By virtue of the provision of the Negotiable Instruments Act discharging a negotiable instrument by any act which discharges a simple contract for the payment of money (Section 1303.34, Revised Code), this general rule has been applied to release the obligors on a promissory note who are jointly or jointly and severally bound. 8 American Jurisprudence, Bills and Notes, 516, Section 874.

In some states this rule has been modified by statute. In Ohio the Legislature has prescribed by Sections 1779.10 and 1779.11, Revised Code, that a compromise or composition with an individual joint debtor shall not discharge the other joint debtors or impair the right of the creditor to proceed against the joint debtors who have not been discharged. These statutes, being in derogation of the common law, must be strictly

construed and, since they are made applicable by their specific terms to a "compromise or composition," or, in other words, an agreement of release, we hold them not to be applicable to a discharge or release effected by operation of law. Our conclusion in this respect is definitely supported as to an accommodation maker by the words of Judge Hart in the case of *Gholson* v. *Savin,* 137 Ohio St., 551, at page 556, 31 N. E. (2d), 858, 139 A. L. R., 75:

"But these statutes apply and apply only in cases where the codebtors are each liable in the same right for the payment of the whole obligation, and where, as a consequence, the right of contribution exists between them. No such situation exists, and the statutes cannot and do not apply, where one of the codebtors sustains the relationship of surety, guarantor or second in liability to the other codebtors in relation to the common obligation. Where there is such relationship and the one who stands in the position of surety, guarantor or party secondarily liable to the other or others, is obliged to pay all or any part of the common obligation to their creditor, he is entitled to full indemnity or exoneration and reimbursement from the principal or the party primarily liable for the debt. Here the principle of contribution, to which the statutes above referred to relate, has no application whatsoever because the principal debtor owes the whole debt as between himself and his surety to the exoneration of the latter. In such case, when the creditor makes an absolute settlement with the principal debtor, discharging him from the obligation, the debtor secondarily liable is discharged because there can be no subrogation to the rights of the creditor against the principal for reimbursement—that right having been extinguished by settlement with and release of the principal debtor."

In the case before us, the agreed statement of facts upon which this appeal was tried specified that the registered letter of notice to the mortgagor, notifying him that the mortgaged property was to be sold, neither set forth the place of sale nor the minimum price for which the property would be sold. Moreover, since the notice specified that the sale would take place on February 2, 1954, and the property was not sold until June 17, 1954, the notice was also defective as to specifying the time of

sale. Being defective in these respects, which we deem to be mandatory requirements adopted by the Legislature for the protection of the mortgagor, the notice was void and would not operate to relieve the mortgagee from the provisions of the statute prohibiting the mortgagee from pursuing or collecting the deficiency ''upon such mortgage or the obligation secured thereby.'' The effect of this statutory prohibition was to discharge the mortgagor from his obligation on the note as well as the mortgage. The mortgagee, by its failure to give proper notice, thus divested itself of any and all rights against the mortgagor to which the accommodation maker could have otherwise become subrogated for reimbursement. The mortgagor being discharged from his obligation and the statutes pertaining to the preservation of the obligation of the joint debtor not applying, the accommodation maker, defendant herein, was likewise discharged.

However, an examination of the pleadings shows that the petition herein was in the ordinary form for a cognovit judgment, the answer denied generally the allegations of the petition and further claimed the protection of Section 1319.07, Revised Code, for the stated reason that the defendant accommodation maker was not given the notice prescribed therein. The discharge of defendant by reason of the discharge of the mortgagor was not pleaded by the defendant and thereby placed in issue. The same being an affirmative defense, it was necessary that it be pleaded in order for the lower courts or this court to take cognizance thereof. This being the case, we reluctantly find for the plaintiff and affirm the judgment of the Court of Common Pleas reversing the judgment of the Municipal Court.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.