## ASSOCIATES DISCOUNT *v.* BARSTOW.

(No. A-20650—Decided November 3, 1964.)

*Mr. Willis J. Grant,* for plaintiff.

*Messrs. Black, McCuskey, Souers & Arbaugh* and *Mr. Gene Barnhart,* for defendant.

WILSON, J.   On March 15, 1955, plaintiff recovered a judgment against the defendant in the sum of $645 on a warrant of attorney contained in a note and without summons or notice to the defendant.   Various proceedings were had on said judgment until the plaintiff's aid in execution, filed November 12, 1963. On December 19, 1963, the defendant, in the same case, filed his petition to vacate judgment and obtained service of summons therefor on the plaintiff company.   In this opinion the parties will be referred to as they appeared in the original case.

Defendant's petition to vacate recites the judgment and further alleges that it was taken for more than was due on the defendant's warrant of attorney contained in the promissory note; that the defendant was not summoned or otherwise legally notified of the time and place of taking said judgment; that the defendant has a good defense as set forth in an answer, ". . . which is submitted herewith, made a part hereof by reference, and tendered for filing." The answer filed with the petition to vacate states that the note was given for the purchase price of an automobile; that the defendant was never advised of the time, place, and minimum price for which the mortgaged automobile was to be sold as required by Section 1319.07, Revised Code, and that the defendant has therefore been discharged from any obligation to the plaintiff. Defendant's petition prays for vacation of said judgment.

Plaintiff's answer to the defendant's petition to vacate admits that the judgment was taken on a cognovit note; that the defendant was not summoned or notified at the time of taking the judgment and then proceeds to deny the allegations of the petition, including those incorporated from the answer, and further alleges that the petition to vacate must be dismissed because the statute of limitations for the vacating of this judgment has expired.

Hearing was had upon the defendant's petition to vacate and the plaintiff's answer, at which the only witnesses were the defendant in his own behalf and the plaintiff's attorney on behalf of the plaintiff. At the request of counsel, the court reserved its ruling to permit the filing of briefs, and each party has filed two briefs in the matter.

The plaintiff first submitted its brief and limited it to the two following questions: (1) Does the statute of limitations for vacating a judgment apply in this case? (2) Does the mailing of a notice on the 8th day of a month, which is not received until the 12th, in regard to a sale held on the 20th, comply with the statutory requirements of Section 1319.07, Revised Code? In support of the first question stated in its brief, the plaintiff argues that the language of the statute prohibiting a deficiency judgment after repossession without foreclosure in a court, unless a notice as specified therein be given to the mortgagor, provides nothing more than a defense to the mortgagor, and

any judgment taken without the giving of a proper statutory notice is only voidable and not void.

The brief of the defendant agrees there are two issues in the case and further agrees that the first issue is whether or not Sections 2325.01, *et seq.*, Revised Code, governing the vacation of judgments after term, apply in this case. However, defendant disagrees with the second issue as stated in plaintiff's brief because, as stated, that issue assumes the notice was mailed to the defendant on the 8th day of the month which the defendant maintains was not proven. In his brief the defendant further acknowledges that he has abandoned any claim of fraud included in his petition or incorporated answer; agrees that the evidence shows the defendant did have knowledge of the judgment after it was taken, and defendant proceeds to state that he agrees with the plaintiff that an action to vacate the judgment cannot be successfully predicated upon the provisions of Section 2325.01, *et seq.*, Revised Code. The defendant insists, however, that the requirements of Section 1319.07, Revised Code, are absolute that any judgment taken without the giving of the required notice of sale is void.

Upon the basis of the pleadings, the evidence, and the admissions included in the parties' briefs, we observe that the first question to be decided is whether the evidence has established that the plaintiff, after repossession of the defendant's automobile, and before its subsequent sale by the plaintiff, gave to the defendant a proper notice as required by Section 1319.07, Revised Code.

Plaintiff submitted into evidence Plaintiff's Exhibit A which it claimed is a carbon copy made when a mimeographed form of notice introduced as Plaintiff's Exhibit B was filled in; and that the original copy of said completed notice of sale was sent to the defendant providing him with all the information required by law. Plaintiff maintains that the combined Exhibit B and Exhibit A constitute a copy of the original notice mailed to the defendant. Such exhibits would also show that the notice was dated January 8, 1954. Plaintiff's Exhibit C is a return receipt signed "Lester Barstow" by "Elizabeth Barstow" as addressee's agent and showing the date of delivery of whatever item was delivered to be January 12, 1954. The defendant acknowledged the writing on the receipt to be that of his wife.

The postmark on the side of the card addressed for return to the plaintiff company shows the date January 12, 1954. By the plaintiff's own evidence the notice claimed to have been sent to the defendant stated that the automobile would be sold on January 20, 1954. Even if we accept as an established fact that Plaintiff's Exhibit C is a return receipt signed by defendant's wife for delivery to her for the defendant of a notice in the combined language of Plaintiff's Exhibits A and B, the only evidence of the date of delivery of the said notice shows that it was delivered on January 12th, which is only eight days prior to the date stated in the notice for the sale of the automobile. Plaintiff suggests in his brief that the date of the mailing of the notice and not the date it was received is the proper method of computing the required 10-day period. However, there is no evidence whatever of the date of mailing of the notice. It is true that the notice purports to be dated January 8th, but the law does not presume that a letter was mailed on the day of its date or on the day it was written. 20 American Jurisprudence, Sec. 194, p. 196, 25 A. L. R. 22.

The plaintff argues that the Court of Appeals of Franklin County in the case of *Welfare Finance Co.* v. *Unger,* 14 O. O. 2d 175, ''indicated'' that the date of mailing and not the date the notice was received would be used in computing the 10-day period. The court certainly did not declare that this is the law and we do not believe it is. Even if it were, in this case we have no evidence of what date the notice was mailed. On the other hand, the Common Pleas Court of Montgomery County in the case of *Mohawk National Bank* v. *Chandler,* decided March 26, 1960, and reported at 166 N. E. 2d 540, held in the second headnote as follows:

''2. Where assignee of New York contract covering sale of automobile repossessed automobile which had been taken to Ohio and transported it back to New York where it was sold at public auction to satisfy balance due and assignee sent purchaser a notice dated September 20th, but purchaser did not actually have notification until 23rd of September and sale was held seven days thereafter, purchaser did not receive the necessary ten days notice and assignee was not entitled to recover balance due after setting off expenses and proceeds derived from sale of automobile. R. C. Section 1319.07.''

Upon the basis of the evidence submitted, it is our finding that the plaintiff failed to comply with the notice requirements of Section 1319.07, Revised Code. Having so found, the next question to be determined is whether the judgment herein, which was admittedly taken as a deficiency after repossession and sale of the automobile as security, is a void judgment as maintained by the defendant or whether it is only voidable as maintained by the plaintiff. If the judgment is voidable only, then it is conceded by the defendant that any proceedings to vacate would have to be brought pursuant to Section 2325.01, Revised Code, and it is further conceded that any action under such section by the defendant on his judgment is barred by the limitations placed on such actions by Section 2325.10, Revised Code. If, on the other hand, the judgment is void, it never enjoyed any validity from the beginning, and the defendant could at any time attack it and ask for its vacation.

Section 1319.07, Revised Code, has been in effect in its present form since prior to the date of the judgment herein. It recites as follows:

"Any chattel mortgagee, his executors, administrators, successors, or assigns who takes goods, chattels, or property, covered by the chattel mortgage out of the possession of the mortgagor, his executors, administrators, successors, or assigns by seizure, or repossession, and sells or otherwise disposes of the same before foreclosure of such mortgage in a court of record, shall not pursue or collect any deficiency upon such mortgage or the obligation secured thereby, from such mortgagor, his executors, administrators, successors, or assigns, any stipulation in such mortgage, or agreement, or provision of law to the contrary notwithstanding. This section does not apply if the mortgagee, his executors, administrators, successors, or assigns, gives at least ten days' written notice to the mortgagor, his executors, administrators, successors, or assigns, personally, or by mailing it to him by registered mail, at the address of the mortgagor given in the mortgage, of the time, place, and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. The mortgagor, his executors, administrators, successors, or assigns, may redeem the property prior to the time stated in the notice for its

sale or disposition, by paying the mortgagee, his executors, administrators, successors, or assigns, the amount due and unpaid on the obligation secured by the mortgage. Any person may appear at the time and place of sale mentioned in such notice and bid at such sale. At the time and place mentioned in such notice the mortgaged property shall be sold to the highest bidder if his bid equals or exceeds the minimum price set forth in the written notice given the mortgagor.''

The first sentence of the above section is a complete and absolute prohibition against pursuing or collecting any deficiency upon a chattel mortgage obligation when the mortgagee has repossessed and sold the chattel security before foreclosure in a court of record. The balance of the section goes on to provide that the first sentence shall not apply if notice is given by the mortgagee to the mortgagor as therein specified. Inasmuch as the statute prohibits a deficiency judgment under the circumstances outlined therein, we must conclude that if such a judgment were taken without any attempt at compliance with the notice requirements of the latter part of the section, such judgmen would be void. Can our conclusion be any different because the mortgagee judgment creditor attempted to comply with the notice requirements but failed? Obviously not, for a defective notice is a void notice and does not relieve the mortgagee from the statutory prohibition against the collecton of the deficiency. The third paragraph of the syllabus of *Economy Savings & Loan Co.* v. *Weir,* 105 Ohio App. 531, states:

''3. The provision of Section 1319.07, Revised Code, that 'this section does not apply if the mortgagee * * * gives at least ten days' written notice * * * personally,' or by registered mail 'of the time, place, and the minimum price for which the mortgaged property may be sold,' is mandatory, and a notice which sets forth neither the place of sale nor the minimum price and is defective as to the time of sale is void and does not relieve the mortgagee from the statutory prohibition against the collection of the deficiency 'upon such mortgage or the obligation secured thereby'; and the discharge of the mortgagor likewise operates to discharge the accommodation maker.''

It has been held that the legislative intent of Section 1319.07, Revised Code, is against deficiency, and that the statute must be construed so as to give effect to that intendment. *Wel-*

*fare Finance Co.* v. *Unger,* 14 O. O. 2d 175. The language of the law is clear that any mortgagee who respossesses and sells or otherwise disposes of mortgaged property before foreclosure of the mortgage in a court of record, shall not pursue or collect any deficiency upon such mortgage or the obligation secured thereby. Only by strict compliance with the notice requirements of the latter part of said section can the prohibition be avoided and the mortgage creditor pursue or collect a deficiency. These requirements have been held to be mandatory. *Economy Savings & Loan Co.* v. *Weir,* 105 Ohio App. 531. Being mandatory, we believe they are jurisdictional in any action which seeks to recover a deficiency judgment under such circumstances as described in the first part of the section. In other words, the notice requirements of the second sentence of the section constitute a condition precedent to any cause of action arising under the circumstances described in the first sentence.

"The performance of mandatory statutory requirements is a condition precedent to the privilege conferred. Indeed, a mandatory provision in a statute is defined as one, the omission to follow which, renders the proceeding to which it relates illegal and void." 50 Ohio Jurisprudence 2d, Statutes, Section 30, p. 38.

Compliance with such conditions must be alleged before jurisdiction of the subject matter of this cause of action could be conferred upon the court.

"As a general rule it is necessary to plead performance of conditions precedent to liability of the part of the defendant. * * * Likewise, if a statutory condition precedent is relied upon as the basis of a right, that condition must be pleaded." 43 Ohio Jurisprudence 2d, Pleading, Section 75, pp. 83, 84.

Any judgment obtained from a court which had not acquired jurisdiction of the parties and also the subject matter of the cause of action upon which the judgment purported to be granted would, of course, be void ab initio and of no effect. 14 Ohio Jurisprudence 2d, Courts, Section 94, p. 511.

The judgment in this instance, although admittedly a deficiency of the kind referred to in the statute under consideration, was taken upon a cognovit note by warrant of attorney and without notice to the defendant. It is apparent that the plaintiff, in taking the judgment, failed to plead facts which

would exempt it from the prohibition against pursuing a deficiency. Having found from the evidence that plaintiff failed to give the required notice, we determine that the judgment is a nullity and should be vacated. Judgment is granted to defendant on his petition to vacate.

*Vacation of judgment granted.*