GENERAL MOTORS ACCEPTANCE CORP. *v.* THOMAS.

[Cite as General Motors Acceptance Corp. v. Thomas,
15 Ohio Misc. 267.]

(No. 19587—Decided April 17, 1968.)

Common Pleas Court of Paulding County.

*Mr. M. Gail Leach* and *Mr. Richard G. Farrar*, for plaintiff.

*Mr. Harvey E. Hyman* and *Mr. Russell J. McMaster*, for defendant.

HITCHCOCK, J. In this action for deficiency judgment after repossession and sale of an automobile plaintiff has filed a motion for summary judgment.

Plaintiff on May 5, 1967, at Toledo, Ohio, mailed via certified mail a notice addressed to defendant at Varner Trailer Court, Antwerp, Ohio, which was the address shown on a retail instalment contract executed by the plaintiff's assignor Derrow Motor Sales, Inc., at Defiance, Ohio, on March 6, 1963, to secure the balance of the purchase price for an automobile described therein. Defendant continues to live at said address and plaintiff is the assignee owner of said contract.

This notice informed defendant that the collateral under the security agreement involved could be redeemed by payment of eight hundred forty-five and 18/100 dollars ($845.18) composed of a gross unpaid time balance of eight hundred thirty-four and 68/100 dollars and a ten and 50/100 dollars ($10.50) cost of repossessing, storing and preparing for sale on or before "10 a. m. on May 18, 1966" at plaintiff's office. It also stated that if no redemption was made by this time, it would then be offered for sale at this office—1617 Madison Avenue, Toledo, Ohio, 43601, and would not be sold for less than one hundred dollars ($100.00) and related that defendant might be held liable for any deficiency resulting from said sale and that said collateral was presently stored at L. Smith & Son, Antwerp, Ohio. It was sent by certified mail, No. 033666 return receipt requested.

A receipt for Certified No. 33666 was by postoffice personnel returned to plaintiff showing also "date delivered: 5-6-66." In the space marked: "SIGNATURE OR NAME OF ADDRESSEE (Must always be filled in)" there is written the clearly legible name "Homer Thomas." Immediately beneath in the space marked: "SIGNATURE OF ADDRESSEE's AGENT, IF ANY" there is written the clearly legible name "Clayton Stiner."

The exhibits to the petition show defendant to owe a balance of eight hundred thirty-four and 68/100 dollars ($834.68) at the time he last paid an agreed reduced

monthly amount of thirty-seven and 94/100 dollars ($37.94) on 1-26-66. This is followed by a tabular narrative as follows:

| "Car was repossessed | 4-28-66 | | (Outstanding Balance) |
|---|---|---|---|
| GMAC Rebate applied | 4-29-66 | $54.95 | 779.73 |
| Sale of car | 6-17-66 | $125.00 | 654.73 |
| Repossession expense | | $36.07 | 690.80 |
| | | | Due us." |

The prayer of the petition is for six hundred ninety and 80/100 dollars with interest at 6% from February 13, 1966. Defendant's answer admits the contract but denies liability and affirmatively pleads noncompliance by plaintiff of the notice provisions of Section 1319.07, Revised Code.

At the argument of the motion counsel explained that plaintiff on the sale date, May 18, 1966, bid $100.00 and obtained the automobile which it resold on June 17, 1966, for $125.00 and gave full credit therefor to defendant although he was of the opinion that plaintiff could lawfully have kept the $25.00 difference thus obtained. That it was not GMAC's policy so to do as they only tried to obtain repayment of their investment and accrued interest.

Defendant's only defense to the motion for summary judgment is his affidavit filed in opposition thereto and reciting that:

"Clayton Stiner is not now nor has he at any other time been said affiant's agent or servant; that one Clayton Stiner has never at any time been authorized to sign or receive ordinary mail or certified mail for this affiant; that this affiant has never at any time received a written notice concerning the sale of a certain 1960 Pontiac 4-door motor vehicle to be held at 10:00 a. m., May 18, 1966, by General Motors Acceptance Corporation or to be held at any time thereafter, nor was he ever notified at any time by any other means prior to said sale or prior to any sale subsequent to the aforementioned date; and that he has been denied his right to redeem said motor vehicle prior to the time it was to be sold; and that if he had received notice

prior to the time that said motor vehicle was sold that he would have exercised his right to redeem said motor vehicle.''

Defendant argues that failure to furnish him actual notice here deprives him of that ''due course of law'' guaranteed him by Article I, Section 16, Ohio Constitution.

Section 1319.07, Revised Code, prohibiting deficiency judgments, states that it ''* * * does not apply if the mortgagee * * * or assigns, gives at least ten days' written notice to the mortgagor * * * personally, *or by mailing it to him by registered mail,* at the address of the mortgagor given in the mortgage, of the time, place and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale. * * *''

We have no doubt that for the purposes of this statute the retail instalment sale contract here assigned, for value, to plaintiff is the equivalent of a chattel mortgage with plaintiff occupying the position of mortgagee and the defendant that of mortgagor. See Section 1309.01 (A) (2), Revised Code.

For aught that has been shown the court Clayton Stiner may be a completely fictitious name or the name of a wandering traveler at the trailer court of defendant's residence who convinced the postman he was authorized to receive mail for residents there and who thereafter promptly stole the letter he had received believing it to contain something of value. Or he may have been or be a legitimate employee of the trailer court who somehow failed to deliver the notice to defendant.

Defendant in his answer affirmatively pleaded noncompliance by plaintiff with Section 1319.07, Revised Code. He has proven that he did not actually receive any notice from plaintiff either personally or by means of registered mail, although conceding that certified mail is the equivalent of registered mail in the circumstances of this case. Section 1.02 (I), Revised Code. It seems certain that plaintiff has complied with all formalities of the law re-

quired of it unless the statute means that the written notice, if given by registered mail, must actually reach the defendant as it would necessarily have to were it given personally.

In a case where the mortgagee had moved from the address set out in the mortgage and the mortgagee knew the mortgagor's new address the mortgagee, as here, mailed the notice to the address "given in the mortgage." The notice mailed never reached the mortgagees "due to a mistake made by the postal authorities in forwarding the same." The Municipal Court of Cincinnati held no deficiency judgment could be recovered in this situation presumably because the mortgagee in light of its knowledge had not acted reasonably to supply actual notice to the mortgagor which is the very purpose of the statute. This statute clearly expresses a policy against deficiency judgments where there is no foreclosure in a court of record. On appeal, the Common Pleas Court of Hamilton County reversed, saying, "* * * the statute provides that the mortgagee shall give notice to the mortgagor personally or to the address *given in the mortgage*. The legislature made no provision for a situation where the mortgagor moved even though that fact is known to the mortgagee. It is clear to me that where the mortgagee sends a notice to the address given in the mortgage that is compliance with the statute." *Midland Discount Co.* v. *White* (1952), 69 Ohio Law Abs. 549. See 15 O. S. L. J. p. 72, where this case is mentioned in connection with a discussion of Section 1319.07, Revised Code.

The facts stated in this opinion do not answer a question I believe to be important. That question is this. What evidence from the post office did the mortgagee have from which it could reasonably be concluded that the required notice sent by registered mail (or equivalent certified mail) had actually reached the mortgagor at least ten days prior to the proposed sale. See *Mohawk National Bank* v. *Candler* (1960) (CP), 166 N. E. 2d 540, where receipt of notice seven days prior to sale was not enough. We agree that the statute requires that the ten days be measured from

the day the mortgagor was personally served or the notice was delivered to him by the post office when addressed to the address given in the mortgage. *Associates Discount* v. *Barstow* (1964), 2 Ohio Misc. 73, also agrees on this issue as to date of notice by registered mail. Mortgagors who move after executing the mortgage always receive such notices when they have left their correct forwarding address with the post office.

So the problem only arises when the mortgagor does not receive actual notice of sale when that notice is delivered by registered mail at the address given in the mortgage. It must not be forgotten that this court is not only one of law, but of equity, and that equity is still the mitigating principle in the law.

If, in above mentioned *Midland Discount case*, the return receipt from the post office had indicated there had been no delivery to the addressees, or to someone for them at their address as in the present case, such that all would conclude it to be almost a certainty that the mortgagor had received the statutory notice at least ten days prior to the proposed sale, at a time when the mortgagee then *knew* the mortgagors to be elsewhere, I feel it would be proper to hold plaintiff estopped that there had been compliance with the statute or that to grant a deficiency judgment in such circumstances would be to foster an unjust enrichment. As it, however, fails to reveal the details of the "mistake made by the postal authorities," I am unable to determine whether or not I fully concur with the decision made there.

Law, in light of equitable principles, is always loath to terminate any substantive right without actual notice or full compliance with a prescribed procedure which, in common experience, results almost invariably in actual notice. This, I perceive, is a fundamental characteristic of "due course of law."

If we examine a letter mailed via registered mail, return receipt requested, which has been returned undelivered we find that there are only eight standard reasons therefor:

Unclaimed,
Refused,

Addressee unknown,
Insufficient address,
Moved, left no address,
No such street,
No such number, and
No such office in the state.

Experienced post office personnel have informed this court that ordinarily "unclaimed" differs only from "refused" in that refused means the postman attempted to deliver the envelope to the addressee who would not accept it, while unclaimed means no one was home when delivery was attempted at the address in the envelope so a note was left informing the addressee that it could be obtained at the post office but no one called for it within the time specified. "Unknown" refers to those cases where neither the postman nor persons living at the address know anyone with the addressee's name. The other reasons speak for themselves.

Where the returned envelope is marked "addressee unknown," "insufficient address," "moved—left no address," "no such street," "no such number," or "no such office in the state" and a check reveals that it was correctly addressed as "given in the mortgage" we may be sure that the odds are great either that some mistake has been made, a fraud has been perpetrated on the creditor, or the debtor has fled in an attempt to avoid for a while at least bill collectors or other unpleasant people. In such cases I perceive no reason why the creditor should not proceed with his sale and have judgment thereon.

Such are the vicissitudes and fortunes of life, however, that it seems not at all unlikely that a distraught debtor might move and leave no forwarding address to anyone except his mortgagee. In today's world, an automobile or other valuable income producing tool (likely to be subject to a chattel mortgage or its equivalent) is often quite important to the continued income of many debtors. Consequently, I feel I would, in cases where such debtor had actually notified his creditor that he no longer lives at the address "given in the mortgage" and furnishes his correct new address, require the mortgagee to give him

personal notice or notice by registered mail at his new address, in addition to the notice by registered mail at the address given in the mortgage. For me such a procedure would not be unduly burdensome upon creditors and would provide honest debtors with the benefits intended to be conferred by the statute. Consequently, I do not determine the issue here upon any narrow adherence to the rule announced in *Midland Discount*.

I note also that Section 1319.07, Revised Code, has not been amended in the fifteen years since *Midland Discount* was decided and it seems readily apparent to me that delinquent chattel mortgage debtors who are honest ones have no difficulty in keeping the post office informed as to their current address and dishonest ones are so few as to have no significant influence with our state legislature.

The facts in this case are that the defendant mortgagor's then correct address was correctly stated "in the mortgage" as being "Varner Trailer Court, Antwerp, Ohio." He has ever since resided here in fact. The post office delivered instant notice to someone for him at this address and that delivery was accomplished eleven full days before the proposed sale. The return receipt gave plaintiff not the slightest indication that the statute was violated either in letter or in policy. No proof is offered nor is the court aware of any conditions or circumstances from which it might be inferred that plaintiff has acted inequitably or unconscionably. If Clayton Stiner, whomever he may be, was a thief or a trailer court employee guilty of negligence or carelessness, he is liable to defendant for such injury as he has caused him.

The court can not feel at liberty to amend this statute to make the words "notice by registered mail" meaningless whenever it may be shown that the debtor did not actually receive notice given by registered mail when it clearly appears to the creditor that proper notice arrived at the debtor's address, was delivered there, and would normally have been delivered to the debtor had the debtor's conduct been above reproach. Failure to receive actual notice may not always be a denial of due course of law in

every case because the legislature is authorized to make reasonable rules. Requiring actual personal notice in every case, even if utilizing the mails, no doubt ultimately would burden every debtor with increased credit costs. The legislature has provided that mortgagors who are, as here, victims of either negligence or thievery, without fault on the part of the mortgagee, must bear their own loss as against their mortgagee. In view of practical consequences, the legislature's judgment is certainly not unreasonable. Although not without sympathy for the defendant here, the court informs him that the law must not infrequently determine, as between innocent persons, who must immediately bear a given loss.

And although the court has not the slightest reason to doubt defendant here when he says he never actually received the notice mailed to him, it does seem, upon reflection, that more than one member of our legislature may have been unwilling to change the present statute because it might tempt debtors to avoid their honest debts by false swearing.

There being no ''genuine issue as to any material fact'' plaintiff's motion for summary judgment is sustained. Pursuant to the command of Section 2311.041(B), Revised Code, judgment for plaintiff is this day entered upon the journal for the amount prayed for in the petition.

*Judgment for plaintiff.*