8

(No. 83 CV 40100—Decided
May 28, 1984.)

Hamilton County Municipal Court.

*Ms. M. Elizabeth Hils,* for plaintiff.
*Mr. Roger R. Chacksfield,* for defendants.

HOGAN, J. The plaintiff, Central Trust Company, N.A., sued the defendants, James H. and Linda J. Cohen, husband and wife, for $3,028 plus interest on the unpaid balance of a promissory note. The defendants' answer consisted of a general denial.

The evidence demonstrated that the defendants borrowed the amount of $5,260.18 from plaintiff to finance the purchase of a 1981 Mercury-Lynx automobile on November 18, 1982. The installment loan agreement called for forty-two monthly payments of $167.55 to commence on January 15, 1983. Paragraph 10 of the installment agreement signed by both defendants provided that should the defendants be in default, plaintiff could demand immediate payment of the loan balance, repossess and sell the collateral, and assess charges for the expenses of the sale.

In September 1983, the defendants' account became delinquent. Plaintiff's agent sent a letter to this effect to James H. and Linda J. Cohen on September 6, 1983. This letter was sent certified mail and was received by James H. Cohen. On September 19, 1983, the plaintiff was notified that the vehicle had been repossessed. On September 19, 1983, plaintiff sent to James H. and Linda J. Cohen a second letter by certified mail. This letter informed defendants that unless the account was paid in full within fourteen days, the repossessed vehicle would be sold. This letter was sent to 3735 Paxton Road, the address listed on the installment agreement executed by the defendants, but was received by Cecil Willis on September 21, 1983. Cecil Willis is a person not known to the defendants, according to the testimony of Mr. Cohen.

In any event, plaintiff's representatives visited Mr. Cohen on October 4, 1983 and verbally informed him of the balance due on the loan and date, time and place of the sale of the collateral. The plaintiff sold the car for $2,010 to the highest of fourteen bidders under circumstances very conducive to obtaining the highest possible price, a result which benefits, obviously, both the parties to this action. The unpaid balance, repossession expense and late fees totaled $5,030, and when the proceeds received from the sale of collateral are deducted, the balance of $3,028 remains owing, which amount constitutes the sum plaintiff asks this court to award it.

Defendants challenge the authority of the plaintiff to sell the vehicle in the absence of actual notice to them, the debtors. Plaintiff's position is that service by certified mail to the address listed by defendants as their residence on the installment loan agreement satisfies the notice requirement of R.C. 1309.47(C), which states in pertinent part as follows:

"* * * reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor* * *."

The term "notifies" is defined at R.C. 1301.01(Z) as:

"* * * taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it."

The term "send" is also defined at R.C. 1301.01(LL) as follows:

" 'Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed * * *."

This court finds that the plaintiff did reasonably notify the defendant of the time and place of the sale of the collateral as required by R.C. 1309.47(C) in accord with prior decisions in *General Motors Acceptance Corp.* v. *Thomas* (1968), 15 Ohio Misc. 267 [44 O.O.2d 459]; *First Natl. Bank* v. *Turner* (1981), 1 Ohio App. 3d 152; and *Umbaugh Pole Bldg. Co.* v. *Scott* (1979), 58 Ohio St. 2d 282 [12 O.O.3d 279].

The decision in *Huntington Natl. Bank* v. *Stockwell* (1983), 10 Ohio App. 3d 30, is cited by defendants in support of their position that plaintiff's recovery of a deficiency judgment should be barred. In the cited case, the defendant's husband moved from the marital residence to Gypsum, Ohio; the wife, Rebecca Stockwell, continued to live and receive mail at the address listed on the contract with the bank. The notice sent by the plaintiff bank was addressed to Mr. and Mrs. Stockwell, *but forwarded to Mr. Stockwell in Gypsum, Ohio.* The wife received no separate notice. The appellate court's decision to affirm the lower court's holding that the creditor's deficiency judgment against her should be barred is distinguished from situations such as the instant one, in which husband and wife maintained contact with the same address, by the following portion of the opinion:

"While mailing one notice, addressed to 'Mr. and Mrs.,' followed by the husband's name, will, in many cases be reasonable, where the parties have separated, potential notice problems abound and the 'reasonableness' of the notice may be re-examined." *Id.* at 32.

We find in this case, as previously stated, that the plaintiff sent a reasonable notification to both defendants (by virtue of the plaintiff's mailing notice by certified mail to the address supplied by the defendants on the contract, the fact that the defendants were not separated either from the address or from each other and the subsequent personal contact with Mr. Cohen) and that the sale of the collateral was commercially reasonable. Judgment is entered for plaintiff against defendants in the amount of $3,028 plus interest and costs.

*Judgment for plaintiff.*